UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRUMENCIO SALINAS, Jr.,<br><br>Defendant. | Case No. 1:20-CR-00017-DCN<br><br>**REPORT AND RECOMMENDATION** |

On October 28, 2020, Defendant Frumencio Salinas, Jr., appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

Prior to Defendant's arraignment on January 23, 2020, the Government had moved for detention. (Dkt. 4.) At Defendant's arraignment, Magistrate Judge Ronald E. Bush denied the Government's motion for detention and released Defendant on several conditions, which included the requirement to seek or maintain employment, submit to testing for prohibited substances, and abide by a curfew as directed by Pretrial Services. (Dkt. 6, 12.)

On October 26, 2020, Pretrial Services filed a Release Status Report with the Court, summarizing Defendant's conduct while on pretrial supervision.[1] Pretrial Services reports Defendant has not been in compliance with all conditions of pretrial supervision, having tested positive for prohibited substances on two prior occasions. Consequently, Defendant's drug testing requirements were increased, Pretrial Services increased its contacts with Defendant, and Pretrial Services will refer Defendant for a substance abuse

---

[1] Pretrial Services filed three earlier status reports.

REPORT AND RECOMMENDATION - 2

evaluation and treatment as directed. Pretrial Services reports that Defendant has complied with other requirements of release, including maintaining contact with Pretrial Services, submitting to testing for prohibited substances as instructed, and maintaining employment. Pretrial Services recommends that Defendant's conditions of pretrial supervision remain unchanged. (Dkt. 28.)

At the time of the plea hearing, the Government stated that it opposes the Defendant's continued release pending imposition of sentencing. However, the Government indicated that it does not have information or reason to believe the Defendant is at an enhanced risk of flight or danger to the community at this time.

As proffered by Defendant's counsel at the hearing, Defendant is in a high-risk category for COVID-19 due to his age and several underlying health conditions. The nature of the ongoing pandemic compels against adding to the jail population unnecessarily. Although that consideration was not anticipated at the time the Bail Reform Act was enacted, it presents an additional reason for finding Defendant's continued release is warranted in this case.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release, the recommendation by Pretrial Services that Defendant complete a substance abuse evaluation and engage in treatment, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending

REPORT AND RECOMMENDATION - 3

imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Frumencio Salinas Jr.'s plea of guilty to Count 1 of the Indictment (Dkt. 1),

2) The District Court order forfeiture consistent with Defendant Frumencio Salinas Jr.'s admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement.

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release, as modified by the Court. (Dkt. 12, 19.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 28, 2020

*[signature]*
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE